ALAN E. NORRIS, Circuit Judge.
 

 Plaintiff Sammie G. Byrd appeals the dismissal of his Title VII complaint for failure to effect timely service. Because court officers are required by 28 U.S.C. § 1915(c) “to issue and serve all process” when a party is proceeding in forma pauperis, we vacate the order of dismissal and remand the case to district court.
 

 I.
 

 Plaintiff is a disabled black male who was formerly employed by the United States Department of the Army Tank Automotive Command (“TACOM”). On December 8, 1992, plaintiff filed a proposed pro se complaint against defendant Michael P.W. Stone, Secretary, Department of the Army, alleging that TACOM violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, by downgrading plaintiffs performance ratings because of his race, gender, disability, or in reprisal for his filing of previous discrimination complaints. On December 22, the district court granted plaintiff’s application to proceed in forma pauperis, and his pro se complaint was formally filed with the clerk of court. The clerk’s office sent plaintiff an undated “Notice re: Granting Application to Proceed in Forma Pauperis,” which stated:
 

 We have issued your summons and forwarded them to the U.S. Marshal’s office to complete service. They will advise you when service is completed. It is your responsibility to follow-up with their office to insure that service has been made. Pursuant to the rules, you have 120 days for service to be completed.
 

 In fact, the clerk’s office never issued any summons on behalf of plaintiff.
 

 A week after receiving the notice from the clerk’s office, plaintiff called the Marshals Service to inquire whether service of process upon the required officials had been completed.
 
 [1]
 
 Despite the fact that the Marshals Service could have received no summons to serve on behalf of plaintiff, it assured him that “the matter was being taken care of.” Plaintiff made no further effort to ensure completion of service, and service of the original complaint was never completed.
 

 On February 18, 1994, the district court approved plaintiff’s request that counsel be appointed to his case. On May 25, plaintiff’s counsel filed an Amended Complaint. It was not served on defendant. On July 8, 1994, counsel filed a Second Amended Complaint.
 
 *219
 
 Service of this complaint was effected on August 29,1994.
 

 Two months later, defendant moved to dismiss plaintiffs complaint on the ground that plaintiff had failed to effect service of process of the original complaint within the 120-day time period required by Rule 4 of the Federal Rules of Civil Procedure.
 
 [2]
 
 Plaintiff argued that he demonstrated good cause for his failure to effect service of the original complaint due to his reasonable reliance upon the notice sent him and the assurance he received from the Marshals Service. The district court found that plaintiff did not show good cause because he made only one call to the Marshals Service to cheek on service of his summons. It then dismissed plaintiffs complaint.
 

 II.
 

 Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal.
 
 [3]
 

 Habib v. General Motors Corp.,
 
 15 F.3d 72, 73 (6th Cir.1994). In this ease, the district court found that plaintiff did not demonstrate good cause for his failure to effect timely service of the original complaint upon defendant. We review the district court’s determination of good cause for an abuse of discretion.
 
 Id.
 

 The plaintiff generally bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant. Fed.R.Civ.P. 4(e)(1). The appointed person is usually a eommercial process server plaintiff has contracted with to effectuate service for a fee. In the case of a plaintiff proceeding in forma pauperis, however, the assumption is that, because the plaintiff cannot pay fees and costs, it is likely the plaintiff cannot afford to hire a process server.
 
 Welch v. Folsom,
 
 925 F.2d 666, 668 (3d Cir.1991). For this reason, 28 U.S.C. § 1915(c) provides that the officers of the court “shall issue and serve all process” when a plaintiff is proceeding in forma pauperis. Fed.R.Civ.P. 4(c)(2) dovetails with § 1915(c) by providing that the court must appoint a United States Marshal to serve plaintiffs process “when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.” Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiffs process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.
 
 See Graham v. Satkoski,
 
 51 F.3d 710, 712 (7th Cir.1995) (“The Marshals Service is required to serve process on behalf of individuals proceeding in forma pauperis.”);
 
 see also Mallard v. United States Dist. Court for the Southern Dist. of Iowa,
 
 490 U.S. 296, 302,109 S.Ct. 1814,1818-19,104 L.Ed.2d 318 (1989) (“Congress evidently knew how to require service when it deemed compulsory service appropriate.”).
 

 
 *220
 
 In this case, the district court granted plaintiff in forma pauperis status upon the filing of his original pro se complaint. For some reason, however, the clerk’s office failed to issue plaintiffs summons as required under § 1915(c). It also failed to appoint a United States Marshal as required under Fed.R.Civ.P. 4(c)(2). The Marshals Service thus failed to serve plaintiffs process on defendant even though plaintiff provided the court with the name and address of the Secretary of the Army. Hence, the clerk’s office failed to serve plaintiffs process as required under § 1915(c). In sum, the clerk’s office and the Marshals Service were plainly derelict in performing their assigned tasks with respect to plaintiffs original complaint. Worse, the Marshals Service incorrectly informed plaintiff that it was taking care of the service of his summons when, in fact, no summons was issued at all. As a result, plaintiffs complaint and summons were not served upon defendant within the time period required under Rule 4.
 

 The district court decided that plaintiff was unable to demonstrate good cause for his failure to effect timely service. We disagree. Under the circumstances present here, the utter failure of the clerk and the Marshals Service to accomplish their respective duties to issue and serve process for plaintiff proceeding in forma pauperis constitutes a showing of good cause under Fed. R.Civ.P. 4. In so holding, we align ourselves with those other Courts of Appeal that confer a showing of automatic good cause on similarly situated plaintiffs.
 
 E.g., Dumaguin v. Secretary of Health and Human Servs.,
 
 28 F.3d 1218, 1221 (D.C.Cir.1994),
 
 cert. denied,
 
 — U.S. -, 116 S.Ct. 94, 133 L.Ed.2d 50 (1995) (United States Marshals Service’s failure to effectuate service of process constitutes good cause under Rule 4);
 
 Puett v. Blandford,
 
 912 F.2d 270, 276 (9th Cir.1990) (plaintiff should not be penalized for failure to effect service where Marshals Service failed to perform duties required under § 1915(c));
 
 Sellers v. United States,
 
 902 F.2d 598, 602 (7th Cir.1990) (Marshal’s failure to effect service is automatic good cause within Fed. R. Civil P. 4). We therefore decline to hold plaintiff responsible for the court’s failure to effect timely service of his original complaint.
 

 III.
 

 The order of the district court is vacated and the cause is remanded to the district court for proceedings consistent with this opinion.
 

 [1]
 

 . Fed.R.Civ.P. 4(i)(2) requires that in a suit against the Secretary in his official capacity, the summons and complaint must be served upon the Attorney General of the United States, the Secretary, and the local United States Attorney’s office.
 

 [2]
 

 . At the time plaintiff filed his complaint, Fed. R.Civ.P. 4(j) provided the time period in which to effect service of process:
 

 Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
 

 While plaintiff's case was pending, this rule was amended by current Rule 4(m), effective December 1, 1993. Rule 4(m) provides:
 

 Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be 'effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.
 

 Under either rule, a party generally has 120 days to serve the summons and complaint upon a defendant unless good cause can be shown for the failure to effect service within this time period.
 

 [3]
 

 . We need not decide whether prior Rule 4(j) or current Rule 4(m) governs the facts in this case because, under either version, an extension is warranted if plaintiff can show good cause.