**Joseph A. WISE, Plaintiff,**

v.

**DEPARTMENT OF DEFENSE,
et al., Defendants.**

No. C–3–97–551.

United States District Court,
S.D. Ohio,
Western Division.

March 19, 1999.

Linda Stukey, Dayton, OH, for Plaintiff.

Pamela Stanek, Dayton, OH, for Defendants.

## DECISION AND ENTRY OVERRULING DEFENDANTS' MOTION TO DISMISS (DOC. # 7).

RICE, Chief Judge.

■ This matter comes before the Court upon a Motion to Dismiss (Doc. # 7) filed by the Defendants. In their Motion, the Defendants seek dismissal of Plaintiff Joseph Wise's Complaint (Doc. # 1), pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 4(m), for lack of service of process.[1] The Defen-

---

1. Reliance on Fed.R.Civ.P. 12(b)(1), the provision applicable to dismissals based upon a lack of subject matter jurisdiction, is inappropriate. Two other Rule 12 provisions, Fed.R.Civ.P. 12(b)(4) and 12(b)(5), provide for dismissals based upon insufficiency of process, or insufficiency of service of process. A defect in service of process is a procedural issue, not a jurisdic-

tional one. *Henderson v. United States*, 517 U.S. 654, 669–671, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) ("We see no reason why the prescription governing time for service is not, as is the whole of Rule 4, a nonjurisdictional rule governing 'practice and procedure' in federal cases.... Service of process, we have come to understand, is properly regarded as a matter discrete from a

dants argue that Wise violated Fed.R.Civ.P. 4(m) by failing to effect proper service of process within 120 days after filing his Complaint. The Defendants also contend that no good cause exists to excuse Wise's failure to comply with Rule 4(m) and, therefore, that dismissal is appropriate.

The record reflects that Wise filed his Complaint on December 15, 1997. (Doc. # 1). At that time, no summonses were issued by the Clerk of Courts. (*Id.*). In an affidavit, Cathie Collins, a legal assistant for Wise's attorney, avers that she filed the December 15, 1997, Complaint at the direction of Linda Stukey, who is counsel of record for Wise. (Collins affidavit, attached to Doc. # 13 at Exh. 1). In an effort to explain the lack of summonses issued by the Clerk of Courts, Collins states in relevant part:

"Mrs. Stukey was absent from the office due to surgery, illness and complications when the time was expiring on the Complaints for Otas Horn [a plaintiff in separate litigation] and Joe Wise to be filed.

"I do not do a lot of federal filings for Mrs. Stukey. In her absence, with help of other attorneys and clerks, I tried to follow all the technical steps for service of Summons and Complaint.

"I personally took the Complaint (exceeding 20 pages), several copies of the Complaint and original Summons with several copies to the Clerk of Court to file on December 15, 1998[sic]. I had no doubt that the clerk who waited on me knew what was to be certified and gave no thought to it, except to note that she was a relatively new clerk at that time. With the multiple pleadings on two separate cases (97–550 and 97–551), I thought the Clerk stamped a signature on the summons to be served and had sealed the original summons for the Clerk, and gave me back my copies to serve."

court's jurisdiction to adjudicate a controversy of a particular kind, or against a particular individual or entity."). The Court notes, however, that the Defendants also have moved to dismiss Wise's Complaint based upon Fed.R.Civ.P. 4(m), which provides for dismissal, without prejudice, if service of a summons and complaint is not made within 120 days after a complaint is filed.

Regardless of Collins' mistaken belief, the Court's docket sheet indicates that the Clerk of Courts did not issue *any* summonses for service upon the United States or any of its officers or agencies. The Clerk's office subsequently sent Wise's counsel a notice on February 6, 1998, informing her that no proofs of service had been returned for filing. (Doc. # 2). In response, Collins filed several *unexecuted* Returns of Service with the Clerk's office on February 10, 1998, and February 18, 1998. (Doc. # 3–4).[2] Once again, the Court's docket sheet indicates that no summonses had yet been issued by the Clerk's office at the time that Collins filed the unexecuted Returns.

More than two months later, on April 29, 1998, Wise's counsel received a letter from the Clerk's office, informing her that service still had not been executed on the Defendants, because no summonses had been issued by the Clerk's office. (Collins affidavit, attached to Doc. # 13 at Exh. 1). Thereafter, Wise's counsel obtained four summonses issued by the Clerk's office. (Doc. # 5). She then properly served a summons and Complaint, via certified mail, upon Attorney General Janet Reno, Defense Secretary William Cohen, the Civil Process Clerk for the U.S. Attorney's office, and the Department of Defense/Defense Finance Accounting Service. (Returns of Service, Doc. # 6). Collins also avers that she hand-delivered a summons and Complaint to the U.S. Attorney's office. (Collins affidavit at p. 2). The Defendants then filed the present Motion to Dismiss (Doc. # 7) on July 13, 1998, arguing that Wise failed to perfect service within 120 days of the filing of the Complaint and that such failure warrants dismissal of his Complaint.

In opposition to the Defendants' Motion, Wise insists that good cause exists to excuse his failure to comply, in a timely manner, with the service-of-process requirements set forth in Fed.R.Civ.P. 4. *First,* he blames the

**2.** The Returns of Service filed by Collins reflect that the summonses she sent to the Defendants were not certified or issued by the Clerk's office. (Doc. # 3–4).

Clerk's office for failing to issue summonses when Collins filed his Complaint on December 15, 1997. (Doc. #13 at 9). *Second,* Wise contends his counsel worked "expeditiously" to cure the defective service. (*Id.* at 10). *Third,* he claims the government's officers and agents "sat on" their return-receipt "green cards." *Fourth,* he stresses Collins' belief that proper summonses had been served, and notes that she was unaware of the "technical" error. (*Id.*). *Fifth,* he insists that the Defendants' Motion to Dismiss should be "barred" because the Defendants filed the Motion more than 60 days after receiving proper service in May, 1998. (*Id.* at 11). After reviewing the record and applicable law, the Court finds the Defendants' Motion to Dismiss unpersuasive, but for reasons other than those argued by the Plaintiff.

▇▇▇ Wise has not demonstrated good cause for his failure to serve the government's representatives with a timely copy of his Complaint *and* a proper summons issued by the Clerk of Courts. In *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991), the court recognized that "inadvertent failure" does not constitute good cause for failing to serve a summons within the time required by Rule 4. The Sixth Circuit also has recognized that actual notice and a lack of prejudice to the defendant are insufficient to supply good cause. *Moncrief v. Stone,* 961 F.2d 595, 596–597 (6th Cir.1992). In *Davis v. Brady,* 9 F.3d 107, 1993 WL 430137 (6th Cir. Oct.22, 1993), the court reasoned that "just as a lawyer's inadvertence cannot constitute good cause, neither can inadvertence on the part of the lawyer's clerical staff; the omissions of the agent are chargeable to the principal." Good cause to extend the time requirements of Rule 4 may exist, however, when a defendant intentionally evades service of process. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991). Good cause also may be found when a plaintiff experiences a sudden and debilitating illness. *Habib v. General Motors Corp.,* 15 F.3d 72, 74 (6th Cir.1994). Finally, the Sixth Circuit has construed the time requirements of Rule 4 more leniently in cases involving *pro se* litigants. *Id.*

▇▇▇ After reviewing the foregoing considerations and the facts of the present case, the Court is not persuaded that Wise has demonstrated good cause for failing to serve the government's representatives with a timely summons issued by the Clerk of Courts. In reaching this conclusion, the Court makes the following non-exclusive observations: (1) Wise is not a *pro se* litigant; (2) Wise has not demonstrated that the Clerk's office is responsible for failing to issue timely summonses; (3) Collins' inadvertent failure to obtain summonses issued by the Clerk on December 15, 1997, is chargeable to Wise's counsel; (4) Plaintiff's counsel admits working part-time during the relevant time period, despite her health problems; (5) Collins could have obtained additional assistance from other attorneys in the office if she was unsure how to obtain a proper summons, as Wise's counsel is not a sole practitioner; (6) the Defendants' Motion to Dismiss was not untimely; and (7) the Defendants did not "evade" service of process, even if some government representatives failed to submit their return-receipt "green cards" promptly. A prompt return of the cards would not have cured the underlying defect in Wise's service, namely his failure to serve the government's representatives with summonses issued by the Clerk of Courts. It is well settled that the good-cause determination is left to the Court's sound discretion, and Wise bears the burden to establish good cause. *Habib,* 15 F.3d at 73. After reviewing the record, the Court concludes that he has failed to meet his burden.

▇▇▇ In the present case, however, the Court need not dwell on the lack of good cause to extend the 120-day time period, set forth in Fed.R.Civ.P. 4(m), for obtaining proper service of process after the filing of Wise's complaint. Notably, Rule 4(m), which became effective on December 1, 1993, replaced former Fed.R.Civ.P. 4(j), with respect to the timing requirements for effecting proper service of process. *See Byrd v. Stone,* 94 F.3d 217, 219 n. 2 (6th Cir.1996). The former Rule 4(j) had provided:

"If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service

was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

Construing the former Rule 4(j), the Sixth Circuit consistently has held that "[a]bsent a showing of good cause to justify a failure of timely service, Fed.R.Civ.P. 4(j) compels dismissal." *Habib,* 15 F.3d at 73; *Moncrief,* 961 F.2d at 596; *Friedman,* 929 F.2d at 1157; *United States v. Gluklick,* 801 F.2d 834, 837 (6th Cir.1986). These holdings are consistent with the language of former Rule 4(j), which plainly provided that a District Court could not relax the 120-day service requirement unless a plaintiff first established good cause.

Although the language of Rule 4(m), which controls in the present case, is similar to the language of the former Rule 4(j), the two Rules are not identical. In relevant part, Rule 4(m) provides:

"If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

The first clause of this Rule indicates that a District Court shall either (1) dismiss a complaint without prejudice *or* (2) direct that service be effected within a specified time, if a plaintiff fails to serve a summons and complaint within 120 days after filing the complaint. The second clause of Rule 4(m) states that a District Court *shall* extend the time for service, however, if a plaintiff demonstrates good cause for failing to comply with the 120-day time requirement. A plain reading of the first clause reveals that a District Court generally possesses the discre-

tion to dismiss a complaint or to allow service to be perfected within a specified time, regardless of the absence of good cause, whenever a plaintiff fails to perfect service within 120 days after filing a complaint. The second clause then removes a District Court's discretion if a plaintiff establishes good cause for his failure to comply with the 120-day time limit. Upon a showing of good cause for non-compliance, a District Court *shall* extend the time for service.

Significantly, Advisory Committee notes following Rule 4(m) support the Court's reading of the Rule. Those notes state:

"The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown* .... Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action...."

Advisory Committee Notes on Fed.R.Civ.P. 4(m) (Emphasis added).

In *Henderson v. United States,* 517 U.S. 654, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996), the United States Supreme Court acknowledged these Advisory Committee notes, stating: "Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Id.* at 662, 116 S.Ct. 1638.[3] In the wake of Rule 4(m)'s adoption, a number of Circuit Courts also have concluded that good cause no longer stands as an absolute prerequisite to extending the time for obtaining proper service of process. Rather, these Circuit Courts have determined that Rule 4(m) provides a District Court with the discretion to extend the time for service of process even without a showing of good cause. *See, e.g., Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir.1995); *Davies v. Richards,* 1999 WL 26913 (4th Cir.1999); *Thompson v. Brown,*

---

**3.** The Supreme Court's statement in *Henderson* is *dicta,* because the issue before the Court was not whether District Courts may grant an extension of time under Rule 4(m) absent a showing of

good cause. Nevertheless, the Supreme Court's construction of Rule 4(m) comports with the plain language of the Rule.

91 F.3d 20, 21 (5th Cir.1996); *Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338, 340–341 (7th Cir.1996); *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir.1996); *DeTie v. Orange County*, 152 F.3d 1109, 1111 n. 5 (9th Cir. 1998); *Espinoza v. United States*, 52 F.3d 838, 840–841 (10th Cir.1995).

Following the implementation of Rule 4(m), the Sixth Circuit has addressed a plaintiff's failure to obtain timely service of process in two published opinions. In *Byrd v. Stone*, 94 F.3d 217 (6th Cir.1996), the court cited its prior ruling in *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir.1994), for the proposition that "[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." Notably, although *Habib* was decided on January 25, 1994, the court applied former Fed.R.Civ.P. 4(j), which plainly *did* require a plaintiff to show good cause in order to avoid dismissal of his complaint. In *Byrd*, the court acknowledged that Rule 4(j) had been "amended by current Rule 4(m), effective December 1, 1993." *Byrd*, 94 F.3d at 219 n. 2. The court then reasoned that "[u]nder either rule, a party generally has 120 days to serve the summons and complaint upon a defendant unless good cause can be shown for the failure to effect service within this time period." *Id.* Although Rule 4(m) had taken effect while the plaintiff's case was pending, the *Byrd* court declined to decide whether Rule 4(j) or Rule 4(m) controlled, because a showing of good cause warranted an extension under either version. *Id.* at 219 n. 3. Finally, the *Byrd* court held that the plaintiff had established good cause for an extension of time to effect service of process. *Id.* at 220.

In *Catz v. Chalker*, 142 F.3d 279 (6th Cir. 1998), the other reported Sixth Circuit case discussing the timing requirements of Fed. R.Civ.P. 4(m), the court stated in a footnote, with seemingly less than its usual accuracy: "It is certainly true that, '[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal.' " *Id.* at 289 n. 10, quoting *Byrd v. Stone*, 94 F.3d at 219.

Significantly, neither *Byrd* nor *Catz* turned upon a judicial finding that the absence of good cause precluded a plaintiff from effecting service of process after 120 days. In *Catz*, the Sixth Circuit addressed the propriety of the District Court dismissing an action, *sua sponte*, for improper venue and failure to state a claim. In *Byrd*, the court *found* good cause justifying an extension of time under Rule 4(m). Consequently, in both cases, the Sixth Circuit's statement that a lack of good cause compels dismissal under Rule 4(m) is dicta. This Court has found no *reported* Sixth Circuit decision *holding* that a District Court cannot enlarge the time to effect service under Rule 4(m) absent a showing of good cause.

To the contrary, in a concurring opinion in *Catz*, Judge Wellford noted that "absent good cause for failure to serve in a timely manner under the Rule, 'the court may, in its discretion, either dismiss the action without prejudice, or direct that service be effected within a specified time.' " *Catz*, 142 F.3d at 295 (Wellford, J., concurring), citing *Panaras v. Liquid Carbonic Indus.*, 94 F.3d 338, 340 (7th Cir.1996), *Henderson*, 517 U.S. at 661–663, 116 S.Ct. 1638, and Rule 4(m). No other Sixth Circuit decision, reported or unreported, has cited the Supreme Court's ruling in *Henderson*.

In light of the persuasive authority from several other Circuits, however, and the content of the Advisory Committee notes following Rule 4(m), the plain language of the Rule, and the absence of any binding Sixth Circuit authority to the contrary, this Court concludes that it may, in its discretion, extend the 120-day period for Wise to effect service on the Defendants, pursuant to the first clause of Rule 4(m), even absent a showing of good cause.

■ Moreover, the Court finds such exercise of its discretion appropriate in the present case. Wise filed his Complaint on December 15, 1997. (Doc. # 1). Consequently, the 120-day period for effecting service of process expired in mid-April, 1998. Wise obtained proper summonses from the Clerk of Court's office on May 8, 1998, less than one month later. Those summonses were served, and properly executed Returns of

Service were filed with the Clerk later that month. (Doc. # 6). As a result, Wise did not significantly delay effecting proper service beyond the time prescribed by Rule 4(m). Furthermore, an extension of time in the present case works no prejudice to the Defendants, other than the inherent "prejudice" of having to defend against a lawsuit. The Defendants admit having had actual notice of Wise's Complaint from the time of its filing. (Reply, Doc. # 18 at 4). Moreover, a dismissal without prejudice under Rule 4(m) would, in the present case, substantially prejudice Wise, who would be unable to refile his discrimination claims.[4] Although this fact does not provide good cause for an extension, the Court may consider it when exercising its discretion to extend the 120–day period without a showing of good cause. *Cf.* Advisory Committee notes following Rule 4(m) ("The new subdivision ... authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.... Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action....". Finally, the Court notes that other facts justify an extension, even absent a showing of good cause. Although Wise's counsel bears the ultimate responsibility for the actions of her legal assistant, the Court finds counsel's illness and the good-faith attempts made by her assistant to be relevant considerations. The Court also notes that Wise's counsel and her assistant did make some effort to resolve the service-of-process issue by contacting the United States Postal Service.

In short, the Court deems it appropriate, after considering all of the facts and circumstances, to exercise its discretion and extend Wise's time for effecting proper service of process, even in the absence of a showing of

good cause for such an extension. The record reveals that Wise obtained four properly issued summonses from the Clerk's office, and subsequently filed four properly executed Returns of Service with the Clerk on May 22, 1998. (Doc. # 6). Given that Wise needs no further extension of time to effect service, the Court hereby extends the time for Wise to effect proper service only through the date of the filing of this Decision and Entry, nunc pro tunc May 22, 1998.

For the reasons set forth more fully above, the Defendants' Motion to Dismiss (Doc. # 7) is hereby OVERRULED.

---

4. For example, Wise's Complaint (Doc. # 1) includes causes of action under Title VII, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Under those statutes, Wise must file a complaint in federal court within 90 days of exhausting his administrative remedies and receiving a right-to-sue letter. *Peete v. American Standard Graphic,* 885 F.2d 331, 332 (6th Cir.1989); *Forest v. United States Postal Service,* 97 F.3d 137, 140–141 (6th Cir.1996). In the present case, Wise's December 15, 1997, Complaint alleges that he "has

complied with all conditions precedent to jurisdiction and has exhausted all his administrative remedies." (Doc. # 1 at ¶ 10). If that statement is true and Wise exhausted his administrative remedies prior to December 15, 1997, then any attempt by Wise to refile his Complaint, following a dismissal without prejudice, necessarily would exceed the 90-day statutory period for filing Title VII and ADEA claims in federal court. As a result, any such Complaint would be time barred.