**Linda LEISURE, Plaintiff–Appellant,**

v.

**State of OHIO; Franklin County, Ohio, Defendants–Appellees.**

No. 00–4569.

United States Court of Appeals, Sixth Circuit.

June 11, 2001.

Before GUY, NORRIS, and GILMAN, Circuit Judges.

Linda Leisure, an Ohio resident proceeding pro se, appeals a district court judgment dismissing her civil action purportedly filed pursuant to various federal laws and statutes. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 10, 2000, Leisure filed a complaint against the state of Ohio and Franklin County, Ohio. The complaint, actually titled "Request for Writ of Protection," alleged that employees of the state of Ohio and Franklin County have threatened to arrest Leisure in order to silence and discredit her whistleblowing activities regarding alleged corruption in capital murder cases. Leisure requested protection because her "refusal to be silenced 'has put [her] into [sic] grave danger' by state and county officials."

On July 19, 2000, Franklin County filed a motion to dismiss the complaint for insufficient service of process, to which Leisure responded. On October 30, 2000, the district court granted Franklin County's motion, dismissed the action as to Franklin County without prejudice, and ordered Leisure to show cause why the action should not also be dismissed as to the state of Ohio for the same reason. In response to the district court's order, Leisure filed a motion for reconsideration, but did not address the issue of insufficient service. On December 2, 2000, the district court denied Leisure's motion for reconsideration and dismissed all claims against the state of Ohio without prejudice for failure to obtain proper service. Leisure has filed a timely appeal.

■ Federal Rule of Civil Procedure 4(c)(1) requires the plaintiff to include a summons when serving the defendant with a copy of the complaint. The summons and complaint must be served within 120 days after the complaint is filed. Fed. R.Civ.P. 4(m). "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion …, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." *Id.* The 120-day time limit may be extended by the court only if the plaintiff demonstrates good cause for failure to timely serve the defendant. *Id.; Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996); *Habib v. Gen. Motors Corp.,* 15 F.3d 72, 73 (6th Cir.1994) (discussing Fed.R.Civ.P. 4(j), now codified as Fed.R.Civ.P. 4(m)). The determination of whether good cause has been shown is left to the sound discretion of the district court and will not be disturbed on appeal absent an abuse of discretion. *Byrd,* 94 F.3d at 219; *Habib,* 15 F.3d at 73.

■ Upon review, we conclude that dismissal of Leisure's complaint was proper under Fed.R.Civ.P. 4. Leisure failed to serve the defendants with the summons and complaint within 120 days after the complaint was filed and the defendants did not waive service of process. Furthermore, in her response to the district court's show cause order, Leisure did not demonstrate good cause for her failure to timely serve the defendants. The fact that a copy of the complaint was mailed to the defendants cannot substitute for proper service of process, as actual knowledge of a law suit will not cure defective service of process. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1155–56 (6th Cir.1991). "Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 351, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.