Robert H. SAWYER, Jr.,
Plaintiff–Appellant,

v.

LEXINGTON–FAYETTE URBAN
COUNTY GOVERNMENT, et
al., Defendants–Appellees.

No. 00–6097.

United States Court of Appeals,
Sixth Circuit.

Aug. 21, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

Robert H. Sawyer, Jr., a pro se Kentucky resident, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Sawyer sued the Lexington–Fayette County government, the county's police force, multiple police officers, and unknown government employees alleging that he was illegally stopped and arrested for having no car insurance and for operating a motor vehicle under the influence of alcohol. The district court subsequently granted judgment to the defendants.

On appeal, Sawyer argues that: 1) the district court judge was biased; 2) he has standing to raise his claims; 3) he established a viable conspiracy claim; 4) he was denied due process by the district court; 5) the defendants committed perjury; 6) the defendants are engaged in a conspira-

cy; and 7) the magistrate judge obstructed justice.

■ The portion of the district court's decision to dismiss the defendants who were not timely served under Fed.R.Civ.P. 4(m) is reviewed for an abuse of discretion. *See Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir.1991). The portions of the district court's order dismissing Sawyer's claims as frivolous under 28 U.S.C. § 1915(e) are reviewed de novo. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). The remaining portions of the order which granted summary judgment for the defendants are also reviewed de novo. *See Dinsmore Instrument Co. v. Bombardier, Inc.*, 199 F.3d 318, 320 (6th Cir.1999). Upon review, we affirm the district court's order.

■ The district court did not err in dismissing some of the defendants for lack of service of process. Sawyer filed his complaint on June 13, 1997. On September 8, 1998, the district court issued a show cause order directing Sawyer to file a written response no later than October 8, 1998, to show why the complaint should not be dismissed against defendant Harris and the unnamed defendants for lack of service. Sawyer failed to serve Harris or identify the remaining defendants after the show cause order was issued. Further, Sawyer failed to provide good cause for not serving these defendants. On November 23, 1998, the magistrate judge recommended that Sawyer's complaint against defendant Harris and the unnamed individuals be dismissed as these defendants had not been served within 120 days after the filing of the complaint as required by Rule 4(m). Upon de novo review of the report, the district court adopted the recommendation and dismissed the complaint as to these defendants for failure to comply with Rule 4(m).

■ Due process requires service of process in order to obtain in personam jurisdiction over an individual defendant. *See Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir.1976). Sawyer bears the burden of perfecting service of process and showing that proper service was made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996). Sawyer did not satisfy this burden.

■ Sawyer complained that the police wrongfully arrested him and then conspired to fabricate the fact that he refused to take a blood-alcohol test. Following Sawyer's arrest, a jury found Sawyer not guilty of the charge. However, in its judgment, the trial court made a finding of fact that Sawyer did refuse a blood-alcohol test. In order to prove a private conspiracy in violation of § 1985, Sawyer must prove: 1) a conspiracy involving two or more persons, 2) for the purpose of depriving directly or indirectly, a person or class of persons of equal protection of the laws, and 3) an act in furtherance of the conspiracy, 4) that causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *See Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir.1996). Sawyer must show that the conspiracy was motivated by racial or other class based invidious discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

■ Further, the federal courts are bound under the *Rooker–Feldman* doctrine by the state court's finding that Sawyer refused to take a blood-alcohol test. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct a state court judgment. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16,

44 S.Ct. 149, 68 L.Ed. 362 (1923). Thus, the district court lacked jurisdiction challenging the trial court's finding that Sawyer refused the blood-alcohol test.

■■■ As the state trial court made an explicit finding of fact that Sawyer refused the test and that finding has not been overturned, Sawyer has not established a conspiracy by the defendants as to this issue. Further, because Sawyer was found not guilty of driving under the influence, he has not established how he was deprived of a right or privilege. *See Collyer*, 98 F.3d at 233. Therefore, Sawyer has not established a claim under § 1985.

As for defendant Wifong, the evidence shows that Wifong did not arrest Sawyer for suspicion of driving under the influence. Rather, it was defendant Harris who had arrested Sawyer. Because Sawyer did not establish that Wifong had made the arrest or deprived him of a constitutional right, *see Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), the district court did not err in dismissing Sawyer's complaint against Wifong.

■■■ Sawyer's allegations against the county government and police division were also properly dismissed. To successfully establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must prove that the defendant was acting under color of state law and that the offending conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Id.* With reference to a government entity, the Supreme Court has determined that a municipality cannot be held liable solely because it employs a tortfeasor. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In *Monell,* the Supreme Court held that municipalities may be sued for damages under § 1983 when the action that is alleged to be unconstitutional implements a policy statement, regulation, or

decision which has been officially adopted and promulgated by that body's officers. *Id.* at 690, 98 S.Ct. 2018. A municipality will not be held liable under § 1983 for random, unauthorized acts of its employees. *Id.* at 691, 98 S.Ct. 2018. Sawyer does not provide any evidence that his arrest by Harris was made pursuant to a government custom or policy. Therefore, the government entities were entitled to summary judgment.

Sawyer asserts, without explanation, that the magistrate judge obstructed justice and that the district court judge was biased. However, a review of the record establishes that the district court judge and the magistrate judge were not biased against Sawyer.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.