Charles **SLENZKA**, et al., Plaintiffs,

v.

**LANDSTAR RANGER, INC.,** Defendant.

No. 01–71482.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 13, 2001.

Ann C. Thompson, Kelman, Loria, Simpson, Will, Harvey & Thompson, Detroit, MI, for plaintiffs.

Raymond J. Pascucci, PENDING APP, Bond, Schoeneck & King, LLP, Syracuse, NY, Frederick R. Damm, Clark Hill, Detroit, MI, for defendant.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER SERVICE, ORDERING PLAINTIFF TO PROPERLY EFFECT SERVICE OF PROCESS ON DEFENDANT BY JANUARY 18, 2002, AND ASSESSING COSTS AGAINST PLAINTIFFS' COUNSEL**

EDMUNDS, District Judge.

On April 16, 2001, Plaintiffs filed an age discrimination claim against Defendant on behalf of themselves and a putative class of similarly situated employees alleging a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* The summons expired 120 days later; on or about August 16, 2001. This matter is presently before the Court on Defendant's motion to dismiss Plaintiffs' complaint, pursuant to Fed.R.Civ.P. 12(b)(5), for failure to effect service within 120 days of filing their complaint as required by Fed.R.Civ.P. 4(m).

Plaintiffs have responded to Defendant's motion to dismiss for improper service, arguing that it should be denied. Plaintiffs contend that good cause exists for extending the time period for service because Plaintiffs reasonably relied upon Defendant's representations that they would waive personal service and accept service by mail on their resident agent, as set forth under Fed.R.Civ.P. 4(d)(2), and did not learn that Defendant would refuse service (contrary to their earlier representations) until after the summons expired and this motion was filed.

Plaintiffs' arguments here, that inadvertence and miscommunication led to the failure to properly effect service of process on Defendant within the required 120 day time period, are not enough to establish good cause. Nonetheless, for the reasons stated below, Defendant's motion to dismiss is **DENIED**. Plaintiffs are to properly effect service of process on Defendant on or before January 18, 2002, and Plaintiffs' counsel is to pay costs and attorney fees to Defendant's counsel in the amount of One Thousand Dollars by that date.

**I. Facts**

Plaintiffs' counsel avers that a legal assistant (no longer employed by them) contacted Defendant's legal department by telephone and was told that Defendant's resident agent, The Corporation Company, would accept service on its behalf and that the complaint and summons should be sent to the Corporation

Company at the address provided.[1]

Defendant admits that on or about July 3, 2001, Plaintiffs' counsel sent, by certified mail, a copy of the complaint and request for a waiver of service of summons (but not a copy of the summons) to "The Corporation Company." Defendant claims it refused to sign the waiver of service of summons but never informed Plaintiffs of its intention not to sign or the reason why it was refusing to do so.

On or about August 16, 2001, the summons in this matter expired.

On September 14, 2001, this Court entered an Order to Show Cause requiring Plaintiffs to show cause in writing by October 5, 2001, why the above-entitled matter should not be dismissed for failure to prosecute. Plaintiffs did not directly respond to the order. Rather, on September 21, 2001, Plaintiffs again sent Defendant, by certified mail, a copy of the complaint, a waiver of service of summons form, as well as a copy of the certified mail receipt for the earlier July 2001 mailing, which was received and signed by a Renee M. Luke on July 6, 2001. This time the certified mail was addressed to Defendant at its Jacksonville, Florida address.

Once again Defendant refused to sign the waiver but did not inform Plaintiffs that it was doing so or the reasons why it was refusing to waive service.

On October 1, 2001, Plaintiffs filed a request for entry of default alleging that Defendant was properly served by certified mail on July 3, 2001. The Clerk of the Court denied the request because Plaintiffs had not yet filed the summons or waiver of summons.

On October 9, 2001, Plaintiffs filed the summons with the original green return receipt card attached alleging that Defendant was properly served by certified mail on July 3, 2001, and filed a second request for entry of default on October 15, 2001.

On October 17, 2001, the Clerk of the Court entered a default against Defendant.

On December 12, 2001, this Court granted Defendant's motion to set aside the Clerk's entry of default.

## II. Analysis

Plaintiffs' complaint was filed on April 16, 2001. Fed.R.Civ.P. 4(c)(1) requires service of both a copy of the complaint and the summons, and Rule 4(m) requires service within 120 days after the complaint is filed. Personal service on Defendant is required under Fed.R.Civ.P. 4(h), and proper service of both the summons and complaint was not made before the Summons expired on or about August 16, 2001. Accordingly, under Fed.R.Civ.P. 4(m), which became effective December 1, 1993, the Court:

> shall dismiss the action without prejudice as to the defendant *or direct that service be effected within a specified time;* provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. (Emphasis added).

■■■ It is the plaintiff's burden to show that good cause exists. *See Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991). Good cause may exist if the defendant intentionally evades service, however, the plaintiff's failure to obtain proper service of process, even if inadvertent, is not enough to establish good cause. *See id.* Actual notice and lack of prejudice to the defendant are likewise insufficient to establish good cause. *See Moncrief v. Stone,* 961 F.2d 595, 596–97 (6th Cir.1992). The district court's good cause determination is reviewed under an abuse of discretion standard. *See Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996).

■■ Plaintiffs' arguments here, that inadvertence and miscommunication led to the failure to properly effect service of process on Defendant within the required 120 day time period, are not enough to establish good cause. Nonetheless, Plaintiffs may still survive Defendant's motion to dismiss.

In a recent decision, the United States District Court for the Southern District of

---

1. Plaintiffs' counsel has filed an affidavit affirming these facts but has not provided an affidavit from the legal assistant who allegedly spoke with someone in Defendant's legal department.

Ohio held that, according to the plain language in the first clause of Rule 4(m), a district court has the "discretion to dismiss a complaint or to allow service to be perfected within a specified time, regardless of the absence of good cause, whenever a plaintiff fails to perfect service within 120 days after filing a complaint." *Wise v. Dep't of Defense,* 196 F.R.D. 52, 55 (S.D.Ohio 1999). The court further observed that "[t]he second clause then removes a District Court's discretion if a plaintiff establishes good cause for his failure to comply with the 120–day time limit. Upon a showing of good cause for non-compliance, a District Court *shall* extend the time for service." *Id.*

The *Wise* Court found additional support for its rule construction from numerous sources. First, the court looked to the Advisory Committee notes following Rule 4(m):

"The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown* .... Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action...."

196 F.R.D. at 55 (quoting Advisory Committee Notes on Fed.R.Civ.P. 4(m) (emphasis added)).[2] Next, it noted that in *Henderson v. United States,* 517 U.S. 654, 662, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996), the United States Supreme Court made a similar observation (albeit in dicta) that "[m]ost recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120–day period 'even if there is no good cause shown.'" It further noted that a number of Circuit Courts of Appeals have likewise found that "good cause no longer stands as an absolute prerequisite to extending the

time for obtaining proper service of process." *Wise,* 196 F.R.D. at 55–56 (citing *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir.1995); *Davies v. Richards,* 1999 WL 26913 (4th Cir.1999); *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996); *Panaras v. Liquid Carbonic Industries Corp.,* 94 F.3d 338, 340–41 (7th Cir.1996); *Adams v. Allied-Signal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir.1996); *DeTie v. Orange County,* 152 F.3d 1109, 1111 n. 5 (9th Cir.1998); *Espinoza v. United States,* 52 F.3d 838, 840–41 (10th Cir.1995)).

Finally, the *Wise* Court distinguished two published Sixth Circuit decisions that have, in dicta only, commented "that a lack of good cause compels dismissal under Rule 4(m)". *Wise,* 196 F.R.D. at 56. As to the decision in *Byrd v. Stone,* 94 F.3d 217 (6th Cir.1996), the court observed that, "[a]lthough Rule 4(m) had taken effect while the plaintiff's case was pending, the *Byrd* court declined to decide whether Rule 4(j) or Rule 4(m) controlled, because a showing of good cause warranted an extension under either version." *Wise,* 196 F.R.D. at 56 (citing *Byrd,* 94 F.3d at 219 n. 3). As to the decision in *Catz v. Chalker,* 142 F.3d 279 (6th Cir.1998), the court observed that the *Catz* Court's comments in a footnote were dicta and its decision did not turn upon a finding that contradicted the *Wise* Court's interpretation of Rule 4(m). *See Wise,* 196 F.R.D. at 56 (citing *Catz,* 142 F.3d at 289 n. 10 quoting *Byrd v. Stone,* 94 F.3d at 219). The *Wise* Court concluded by observing that it had found "no *reported* Sixth Circuit decision *holding* that a District Court cannot enlarge the time to effect service under Rule 4(m) absent a showing of good cause." 196 F.R.D. at 56.[3] Moreover, "in a concurring opinion in *Catz,* Judge Wellford noted that 'absent good cause for failure to serve in a timely manner under the Rule, the court may, in its discretion, either dismiss the action without prejudice, or direct that service be effected within a specified

---

2. The Notes also mention additional situations where relief may be appropriate even in the absence of good cause; i.e., "if the defendant is evading service *or conceals a defect in attempted service*" or if care is needed to protect pro se plaintiffs. *Advisory Committee Notes* for the 1993 Amendments to Rule 4(m) (emphasis added).

3. Defendant relies in part on an unpublished Sixth Circuit decision, *Leisure v. State of Ohio,* 12 Fed.Appx. 320, 2001 WL 700866, 2001 U.S.App. LEXIS 13831 (6th Cir.2001). Defendant's reliance is misplaced. This unpublished decision is not binding precedent and fails to address the persuasive reasoning set forth in *Wise.*

time.'" *Id.* (quoting *Catz,* 142 F.3d at 295 (Wellford, J., concurring)) (citing *Panaras v. Liquid Carbonic Indus.,* 94 F.3d 338, 340 (7th Cir.1996), *Henderson,* 517 U.S. at 661–663, 116 S.Ct. 1638, 134 L.Ed.2d 880, and Rule 4(m)).

After concluding that a district court may, in its discretion, extend the 120–day period that a plaintiff may effect service on a defendant, the *Wise* Court then examined whether an exercise of its discretion was appropriate under the facts presented. *See Wise,* 196 F.R.D. at 56. It considered numerous factors including whether: (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process. *See id.* at 57. Evaluating the above factors, the Court determined that it was appropriate to exercise its discretion and thus extended the plaintiff's time for effecting proper service of process.

■ An exercise of discretion is also appropriate here. Consideration of the first factor does not weigh in Plaintiffs' favor. The summons at issue here expired on or about August 16, 2001. It is now December 12th and an additional 120 days have almost lapsed. On the other hand, factors (2) through (5) tip the balance in Plaintiffs' favor.

An extension of time would not prejudice Defendant who early on had actual notice of the lawsuit (and a copy of the complaint) due to Plaintiffs' good faith efforts at service. A dismissal of Plaintiffs' lawsuit without prejudice, however, would result in Plaintiffs' lawsuit being time-barred. Plaintiffs' complaint alleges violations of the A.D.E.A. and further alleges that the E.E.O.C. issued a right-to-sue letter less than 90 days prior to Plaintiffs' filing this action. In *Wise,* the Court observed that the plaintiff's Title VII and A.D.E.A. claims required that a complaint be filed in federal court within 90 days of exhausting administrative remedies and receiv-

ing a right-to-sue letter. Accordingly, if the court were to dismiss plaintiff's suit without prejudice, any attempt by the plaintiff to refile his complaint would be time barred. *See Wise,* 196 F.R.D. at 57 n. 4. At the December 12, 2001 hearing on this matter, Plaintiffs' counsel confirmed that this suit would indeed be time-barred if required to be refiled.

Because Plaintiffs' suit will be time-barred if refiled, an extension of time to effect service of process is clearly contemplated by Rule 4(m). *See Advisory Notes.* Two additional reasons justify a modest extension of time for Plaintiffs to perfect service. First, Defendant cannot claim unfair surprise at the prospect of defending this suit as it had notice of the lawsuit prior to the expiration of the 120–day period for service. *See Vergis v. Grand Victoria Casino & Resort,* 199 F.R.D. 216, 218 (S.D.Ohio 2000) (quoting *Henderson,* 517 U.S. at 671, 116 S.Ct. 1638, "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections."). Second, "granting Plaintiff an extension of time to re-serve the summons and complaint" here "would be in keeping with the overall policy in this Circuit of resolving disputes on their merits, rather than disposing of them on procedural or technical grounds." *Id.*

### III. Conclusion

For the foregoing reasons, Defendant's motion is **DENIED.** Plaintiffs' counsel is to properly effect service of process on Defendant on or before **January 18, 2002,** and Plaintiffs' counsel is further ordered to pay Defendants' counsel One Thousand ($1,000) Dollars in costs and attorney fees by that date.

**SO ORDERED.**