**Mark P. DONALDSON, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 01–2510.**

United States Court of Appeals, Sixth Circuit.

May 10, 2002.

Before MERRITT, SUHRHEINRICH, and GILMAN, Circuit Judges.

*ORDER*

Mark P. Donaldson, proceeding pro se, appeals a district court order dismissing his civil action. This case has been referred to a panel of the court pursuant to

Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 5, 2001, the district court granted Donaldson's motion to proceed in forma pauperis and ordered Donaldson to file a complaint. Donaldson did so, asserting that he was appealing an administrative agency's decision on his application for a rural business enterprise grant. *See* 7 U.S.C. § 6999; 7 C.F.R. § 1942.305 et seq. The district court then ordered Donaldson to show cause why the action should not be dismissed for failure to timely serve the defendant. *See* Fed.R.Civ.P. 4(m). Although Donaldson reminded the court that he was proceeding in forma pauperis and requested service by the United States Marshals, the district court nonetheless dismissed the action for failure to serve.

Donaldson has brought a timely appeal.

The time limit for service of process on a defendant is 120 days, and, absent a showing of good cause by the plaintiff, the district court may dismiss the case for failure to effect timely service. *See* Fed. R.Civ.P. 4(m); *Byrd v. Stone,* 94 F.3d 217, 219 & n. 2 (6th Cir.1996) (stating in dicta that good cause for a time-extension is required under Rule 4(m)). But where a plaintiff is proceeding as a pauper, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *See* 28 U.S.C. § 1915(d); Fed. R.Civ.P. 4(c)(2); *Byrd,* 94 F.3d at 219 (applying former 28 U.S.C. § 1915(c)). Thus, failure by the district court and the Marshals Service to carry out their duties constitutes good cause under Rule 4. *See Byrd,* 94 F.3d at 220.

Upon review, we conclude that the district court abused its discretion by finding that Donaldson had not shown good cause

for failing to effect service of the complaint on the defendant. *See id.* at 219. Donaldson dutifully submitted his complaint to the district court, pursuant to its order which granted his motion for pauper status. The district court, however, *did not* issue Donaldson's process to a Marshal, but instead sent Donaldson the above-mentioned show cause order. Thus, the district court did not fulfill its statutory responsibilities, and dismissal for lack of service was inappropriate.

Accordingly, the district court's judgment is vacated, and the action remanded so that the district court may consider the merits of Donaldson's complaint in the first instance. The district court is instructed to serve the complaint on the defendant and thereafter fully comply with the dictates of Fed.R.Civ.P. 4(c)(2) and 28 U.S.C. § 1915(d). Rule 34(j)(2)(C), Rules of the Sixth Circuit.