Marc S. LOVE, Plaintiff–Appellant,

v.

AMERICAN POSTAL WORKERS UN-ION; United States Postal Service, Defendants–Appellees.

No. 02–2317.

United States Court of Appeals, Sixth Circuit.

May 12, 2003.

Before: GUY, BOGGS, and DAUGHTREY, Circuit Judges.

*ORDER*

Marc S. Love, proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, and § 2 of the Postal Reorganization Act, 39 U.S.C. § 1208(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 12, 2002, Love filed a complaint against the American Postal Workers Union ("APWU") and the United States Postal Service ("USPS"). Love alleged that on May 18, 2000, he "was unjustly fired" from his USPS position as a motor vehicle operator. Love's discharge was based upon an alleged verbal and physical altercation between Love and two other USPS employees that occurred on May 18, 2000. Fol-

lowing his discharge, the APWU filed a grievance on Love's behalf. The grievance was subsequently denied and the APWU pursued the matter to arbitration. An arbitrator determined that the USPS had "just cause" to discipline Love, but not terminate his employment, after the May 18, 2000, incident. The arbitrator awarded Love reinstatement to his former position "without back pay, subject to [Love's] agreement to enroll in and complete a program of anger management."

Dissatisfied with the arbitrator's decision, Love filed the instant action claiming that the USPS breached his employment contract and discriminated against him based upon his race (African–American) and sex (male) because he was reinstated without back pay. Love also alleged that the APWU breached its duty of fair representation because the APWU failed to call witnesses Antich and Martin to testify on his behalf at the arbitration hearing. According to Love, had Antich and Martin testified, "instead of a 50/50 decision, [he] could have received 100%" of the relief he sought through arbitration.

The USPS filed a motion to dismiss or for summary judgment and the APWU filed a motion to dismiss for failure of service of process. Love did not respond to either motion. The district court granted the defendants' motions and dismissed the complaint. Love has filed a timely appeal.

We review de novo the district court's grant of summary judgment. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

A hybrid breach of contract/breach of duty of fair representation suit is one in which the employer is charged with violating the terms of a collective bargaining agreement and the union is charged with breach of the duty of fair representation. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Dushaw v. Roadway Express, Inc.*, 66 F.3d 129, 132 (6th Cir. 1995). To prevail in such a hybrid suit, the plaintiff must prove each claim against each defendant. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990); *DelCostello*, 462 U.S. at 165; *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir.1990).

Upon review, we conclude that the district court properly granted summary judgment in favor of the USPS. Love failed to establish that the USPS violated the applicable collective bargaining agreement in any way. Other than his bare allegation, Love offered no evidence in support of his breach of contract claim.

Upon further review, we conclude that the district court did not abuse its discretion when it dismissed Love's claim against the APWU for insufficient service of process. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996) (district court's dismissal of a complaint for failure to serve the defendant is reviewed for an abuse of discretion). Federal Rule of Civil Procedure 4(m) requires the plaintiff to serve the summons and complaint upon the defendant within 120 days after the complaint is filed. "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." Fed. R.Civ.P. 4(m).

Love mailed a copy of the complaint via certified mail to the APWU at an address in Detroit, Michigan, and the return receipt card was signed by "Larry Parks,"

who is not identified. However, the APWU does not have an office located at the Detroit address listed by Love on the Summons and Return of Service Form and Parks is not an APWU officer. Furthermore, the APWU neither agreed to accept service by certified mail nor waived service of process pursuant to the provisions of Fed.R.Civ.P. 4(d).

Love does not challenge the district court's dismissal of his employment discrimination claim based upon race and sex. Therefore, such claim has been waived and is not reviewable on appeal. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 881 (6th Cir.1996); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.