

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2009

# Crock v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4410

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Crock v. Comm Social Security" (2009). *2009 Decisions.* Paper 1214.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1214

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-4410

———————

THOMAS D. CROCK,
                                          Appellant
v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-08-cv-00680)
District Judge: Honorable Gary L. Lancaster

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2009

Before: SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges

(Opinion filed: June 8, 2009)

———————

OPINION

———————

PER CURIAM.

Appellant Thomas Crock appeals pro se from an order of the District Court

dismissing his case pursuant to Federal Rule of Civil Procedure Rule 41(b), for failure to

effectuate service of the summons and his complaint within the time limit prescribed by Federal Rule of Civil Procedure Rule 4(m). For the reasons that follow, we will vacate the District Court's order and remand for further proceedings.

## I.

On May 19, 2008, Crock filed a motion to proceed in forma pauperis in the Western District of Pennsylvania. He sought the District Court's review of the Social Security Commissioner's final determination disallowing his claim for disability benefits. See 42 U.S.C. § 405(g). On May 20, 2008, the District Court granted Crock's motion and issued a summons as to Appellee, the Commissioner of the Social Security Administration ("the Commissioner"). On that same date, Crock filed his complaint with the District Court. He did not serve the complaint upon the Commissioner.

On September 18, 2008, the District Court issued an order under Rule 4(m), requiring Crock to show cause as to why the case should not be dismissed for failure to serve the Commissioner within 120 days of filing the complaint. Crock was given until September 29, 2008, to answer. On September 30, 2008, Crock had yet to respond, and the District Court dismissed the complaint under Rule 4(m). Crock then moved for reconsideration, and the District Court denied that motion on October 17, 2008. Crock timely appealed.

## II.

2

We have jurisdiction under 28 U.S.C. § 1291. We review dismissals pursuant to Rule 41(b) and Rule 4(m) for abuse of discretion. See Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997); Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994).

## III.

As a litigant proceeding in forma pauperis, Crock was not responsible for the service of process. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process[.]"); Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996) ("the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants . . . once reasonable steps have been taken to identify for the court the defendants names in the complaint"); see also Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992), superseded by statute on other grounds as stated in Ghana v. Holland, 226 F.3d 175, 184 (3d Cir. 2000).

Crock filed his complaint with the District Court, indicating that the Commissioner was the defendant party, and specifying the Commissioner's address. Thus, the District Court was obligated to "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). For this reason, we will vacate the District Court's order dismissing Crock's complaint and remand the case for further proceedings.