**James E. FRAME, Plaintiff–Appellant,**

v.

**SUPERIOR FIREPLACE,**
**Defendant–Appellee.**

No. 03–5233.

United States Court of Appeals,
Sixth Circuit.

Sept. 10, 2003.

James E. Frame, pro se, Fulton, KY, for Plaintiff–Appellant.

Cary Schwimmer, Amber Isom-Thompson, Kiesewetter, Wise, Kaplan, Schwimmer & Prather, Memphis, TN, for Defendant–Appellee.

Before MOORE and GILMAN, Circuit

Judges; and MILLS, District Judge.*

### ORDER

This pro se litigant appeals a district court judgment dismissing his complaint pursuant to Fed.R.Civ.P. 12(b)(5), for insufficient service of process. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 11, 2002, James E. Frame filed a pro se employment discrimination complaint against his employer, Superior Fireplace ("Superior"). Superior moved to dismiss the action on the ground that the process served on the company's human resources manager was insufficient because it was served personally by Frame himself. Superior also moved for dismissal on the ground that service was insufficient because Frame failed to include a copy of the complaint with the summons. The district court denied Superior's motion and allowed Frame an additional thirty days pursuant to Fed.R.Civ.P. 4(m) in which to serve Superior. In that order, the district court advised Frame that failure to obtain proper service upon Superior within the thirty-day extension of time would result in dismissal of the action.

Thereafter, Superior renewed its motion to dismiss, contending that Frame had failed to properly serve process within the additional time set by the district court. The district court, finding that Frame had failed to show cause for a further extension of time, granted Superior's motion and dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(5), for insufficient service of process.

In his timely appeal, Frame contends that the district court acted arbitrarily and capriciously in dismissing his complaint. Frame appears to contend that he was held to an inappropriate standard given his pro se status.

We review a district court's dismissal of a complaint for failure to serve the defendant under an abuse of discretion standard of review. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995). A district court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. *Id.*

Upon review, we conclude that the district court did not abuse its discretion. In the district court's order granting Frame an extension of time, the district court advised Frame as to the alternative methods of service Frame could use to properly effect service of process. The court specifically warned Frame that service upon Superior's legal counsel alone would not constitute proper service unless counsel was authorized to accept service on Superior's behalf. Although Frame had the telephone number and address of Superior's counsel, Frame apparently made no attempt to contact Superior's counsel in order to verify the identity and address of Superior's agent for service of process; rather, Frame sent the summons and complaint to defendant's counsel of record via certified mail. It is undisputed that counsel was not Superior's agent for service of process.

In light of the district court's extension of time and specific warning on this issue,

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Frame's service of the summons and complaint on counsel was unreasonable, and the district court did not abuse its discretion in dismissing the complaint.

The district court did not use an erroneous legal standard. While pro se litigants are afforded significant leeway, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), those who proceed without counsel must still comply with the procedural rules that govern civil cases. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). No persuasive reason has been posited why Frame should be accorded special consideration under the circumstances of this case. His action was not dismissed as the result of inartful pleading or any lack of legal training, but rather because he failed to adhere to a readily comprehended court deadline of which he was well-aware. The district court granted Frame additional time in which to properly effect service of process and even instructed Frame in detail as to the alternative methods of effecting service of process. Most importantly, the district court specifically warned Frame not to serve Superior's legal counsel unless counsel was the authorized agent for service of process. Frame failed to utilize the additional time and failed to heed the district court's warning. Furthermore, there has been no demonstration that anyone but Frame was responsible for any inability to proceed in a timely fashion. *See Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.