**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-4496

JOSEPH NOVAK,
                                    Appellant

v.

POSTEN TAXI INC; BILL COOK;
JOHN KATORKAS, Office Manager; BO KELLER

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3:08-cv-00912)
District Judge:  Honorable James M. Munley

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2010

Before:    BARRY, AMBRO and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 7, 2010)

OPINION

PER CURIAM

        Joseph Novak appeals the order of the United States District Court for the Middle

District of Pennsylvania (1) granting summary judgment for Defendant Posten Taxi on all

claims, and (2) dismissing all claims against Defendant John Katorkas for failure to state a claim. For the reasons that follow, we will affirm.

I.

Because we write solely for the benefit of the parties, we will only summarize the essential facts. Prior to his termination, Novak had worked for Posten Taxi as a part-time taxi cab driver for approximately twelve years. In April 2005, Posten Taxi terminated Novak after receiving a complaint from a passenger about Novak's behavior.

In May 2008, Novak filed this complaint in the District Court, alleging age discrimination and retaliation, in violation of the Age Discrimination in Employment Act ("ADEA"). Following discovery, defendant Posten Taxi moved for summary judgment on Novak's claims. Defendant Katorkas, office manager of Posten Taxi, moved to dismiss Novak's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Finding that Novak was unable to establish a prima facie case for either of his claims, the District Court granted both defendants' motions, dismissing Novak's claims against Katorkas and granting judgment in favor of the other defendants.[1] In an order entered November 12, 2009, the

_____

[1]In his original complaint, filed in May 2008, Novak named as defendants Posten Taxi, Bill Cook, and John T. Bow. One month later, Novak indicated that he intended to sue John Katorkas and Bo Keller (originally misinterpreted by the Clerk's Office as "John T. Bow," see Order at 13, n.7) in addition to Posten Taxi and Bill Cook. In April 2009, the U.S. Marshals returned unserved summonses for Cook and Keller because no address was provided. Federal Rule of Civil Procedure 4(m) provides that the District Court shall dismiss the complaint after notice to the plaintiff if service of the complaint is not made upon a defendant within 120 days after the filing. See Fed. R. Civ. P. 4(m). While the Marshals Service's failure to effectuate service on behalf of an in forma pauperis plaintiff

District Court denied Novak's motion for reconsideration.  Novak now appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's entry of summary judgment and dismissal for failure to state a claim.  See Torretti v. Main Line Hosps., Inc., 580 F.3d 168, 172 (3d Cir. 2009); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  In reviewing a District Court ruling on a motion for summary judgment, we apply the same test the District Court is to apply under Fed. R. Civ. P. 56(c).  Brown v. J. Kaz, Inc., 581 F.3d 175, 179 (3d Cir. 2009).  Summary judgment is appropriate only if, after the evidence taken as a whole is construed in the light most favorable to the non-moving party, there remains no genuine issue of material fact.  Prowel v. Wise Bus. Forms, Inc., 579 F.3d 285, 286 (3d Cir. 2009).  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is facially plausible when its factual content allows the court to draw a reasonable inference

---

may constitute 'good cause' within the meaning of Rule 4(m), the plaintiff must take "reasonable steps . . . to identify for the court the defendants named in the complaint." Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286-87 (11th Cir. 2009) (citing Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996); see also Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992), *superseded by statute on other grounds as stated in* Ghana v. Holland, 226 F.3d 175, 185 (3d Cir. 2000).  Because Novak failed to provide addresses to effectuate service, the Court's determination was proper.

3

that a defendant is liable for the alleged misconduct.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

III.

Novak alleges that he was terminated because he was over 40 years old, while Posten Taxi stated that it terminated him because of his "belligerent" behavior towards a customer in April 2005.  Novak has offered no direct evidence of discrimination.[2]  In an indirect evidence case, we analyze the claims under the framework set up by the Supreme Court for Title VII cases in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009).  Under McDonnell Douglas, a plaintiff must first establish a prima facie case of discrimination.  Summary judgment may be awarded to the employer when a plaintiff fails to meet his threshold burden of raising a genuine issue of material fact as to any element of his prima facie case.  See Geraci v. Moody-Tottrup, Int'l Inc., 82 F.3d 578, 580 (3d Cir. 1996).

To establish a prima facie case of age discrimination, Novak must demonstrate that: (1) he is at least 40 years old; (2) he suffered an adverse employment decision; (3) he is qualified for the position; and (4) Posten Taxi replace him with an employee who is sufficiently younger to permit an inference of age discrimination.  Tomasso v. Boeing Co., 445 F.3d 702, 706 n.4 (3d Cir. 2006).  We agree with the District Court that Novak

---

[2]Novak claims that Posten Taxi terminated him based on a mandate from their insurance company that the company fire all older employees; however, there is no evidence in the record, aside from his inadmissible hearsay, that such a mandate existed.

did not establish a prima facie case, as he did not show that Posten Taxi replaced him with a person sufficiently younger to permit an inference of age discrimination. In fact, Novak failed to offer any evidence as to who replaced him after he was terminated. Furthermore, assuming, arguendo, that he could establish a prima facie case, Novak failed to cast sufficient doubt on Posten's legitimate, non-discriminatory reason for his termination. Novak does not dispute that he engaged in a verbal disagreement with a customer in 2005. While he claims that Posten's actual motive for firing him was a mandate from its insurance company, he pointed to no evidence to support this assertion. Because he presented no direct evidence of discrimination or evidence sufficient to establish a prima facie case, summary judgment against Novak was appropriate. Fed. R. Civ. P. 56(c).

We also find that summary judgment was proper on Novak's retaliation claim. To establish a prima facie case of retaliation, Novak must present sufficient evidence to establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken; and (3) there is a causal link between the protected conduct and the adverse action. Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997). Once a prima facie case is established, the burden shifts to Posten Taxi to present a non-retaliatory explanation for the challenged employment decision. Id. at 920 n.2; see also McDonnell Douglas, 411 U.S. at 802. There is no evidence in the record that Novak complained about age discrimination, or in any way opposed any of Posten Taxi's practices or policies, before

5

he was terminated.  See 29 U.S.C. § 623(d).  In addition, Novak failed either to discount the articulated reasons of Posten Taxi for discharging him or to provide affirmative evidence that Posten Taxi was motivated by a retaliatory animus.  See Krouse v. Am. Sterilizer Co., 126 F.3d 494, 501 (3d Cir. 1997).  Thus, the District Court did not err in entering summary judgment on the retaliation claim.  The District Court's dismissal of Novak's claims against Katorkas also was proper, as Novak alleged in his complaint only that Katorkas did not call Novak back, despite a promise to do so, after Novak applied to be rehired by Posten Taxi.  Even if true, such an allegation does not support an employment discrimination claim.[3]

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3]We reject Novak's argument that he was denied his right to a trial, as summary judgment does not violate the Seventh Amendment right to a jury trial "so long as the person having the right to the jury trial is an actual participant in the summary judgment proceeding." *In re TMI Litig.*, 193 F.3d 613, 725 (3d Cir. 1999).  Novak also asserts the District Court denied him a right to a "speedy trial" (presumably under the Sixth Amendment), but only criminal defendants have that right.  *See Austin v. United States*, 509 U.S. 602, 608 (1993).