CLD-310                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2059
_____

IN RE:  RAFAEL ANTONIO JOSEPH,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-13-cv-01993)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 17, 2014
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 24, 2014)
_____

OPINION
_____

PER CURIAM

Rafael Antonio Joseph has filed a petition for a writ of mandamus seeking the

relief discussed below.  We will deny the petition, but we will also direct our Clerk to

transfer it to the District Court for possible treatment as a motion to extend Joseph's time

to appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

Joseph filed an amended complaint against the Pennsylvania Department of

Welfare and three of its social workers raising various claims based on the Department's

alleged denial of food stamp benefits.  On May 28, 2013, the District Court dismissed

Joseph's claims against the Department on the basis of Eleventh Amendment immunity. On January 6, 2014, the District Court dismissed Joseph's claims against two of the social workers for failure to prosecute after Joseph failed to respond either to their motion to dismiss or to the District Court's previous order directing him to do so. Finally, on February 26, 2014, the District Court dismissed Joseph's claims against the remaining social worker for failure to prosecute after Joseph failed to respond to the District Court's previous order directing him to address service of process. Joseph did not appeal and, if the District Court's February 26 order constitutes a final decision,[1] his time to do so expired on March 28, 2014. See Fed. R. App. P. 4(a)(1)(A).

Joseph submitted the mandamus petition at issue here on April 14, 2014, requesting an order directing the District Court to "dismiss this case appropriately and issue my appeal rights." (Mandamus Pet. at 1.) In particular, Joseph acknowledges certain defects regarding service of process and asks that we "order the [District] [C]ourt to dismiss the case on the defects that exist in this case [so] that the plaintiff may rectify these defects on appeal." (Id. at 3.)[2]

---

[1] The District Court dismissed Joseph's claims against the three social worker defendants "without prejudice" but provided no further explanation and did not expressly order closure of the case. Dismissals without prejudice generally do not constitute final orders, though such dismissals may do so when the dismissal is for failure to prosecute, the plaintiff is not given leave to amend, and the order effectively ends the case. See, e.g., Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004). We need not decide whether the District Court has entered a final order for purposes of this mandamus proceeding.

[2] When the District Court grants leave to proceed in forma pauperis as it did in this case, the District Court must issue and serve process. See 28 U.S.C. § 1915(d). The District Court dismissed Joseph's claims against the third social worker defendant, not for failure to serve, but for failure to prosecute.

2

The District Court already has dismissed all of Joseph's claims, however, so his request that we order it to do so is moot. As for Joseph's desire to proceed on appeal, that request is not appropriately made by mandamus petition because "mandamus must not be used as a mere substitute for appeal." In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (quotation marks omitted). Joseph has not filed a notice of appeal, and there is no basis to construe his mandamus petition as such a notice because, depending on whether the District Court's order of February 26 constitutes a final decision, any appeal would be either untimely or premature.

Nevertheless, insofar as Joseph's petition indicates a desire to appeal, it could be construed as a motion for an extension of time to appeal under Rule 4(a)(5). Only the District Court may grant such a motion. See Fed. R. App. P. 4(a)(5)(A). Because Joseph submitted his petition to this Court within the deadline for filing a Rule 4(a)(5) motion, see Fed. R. App. P. 4(a)(5)(A)(i), we will direct our Clerk to transfer the petition to the District Court for the District Court to docket it as filed on April 14, 2014, and consider treating it as such a motion. We express no opinion on its merits except to note that the District Court, if it intended to enter anything other than a final order, can provide such clarification as may be appropriate.

For these reasons, we will deny Joseph's mandamus petition. The Clerk is directed to transfer the petition along with a copy of this opinion to the District Court.