CLD-111                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3665
_____

RAFAEL ANTONIO JOSEPH,
                                                    Appellant

v.

PENNSYLVANIA DEPARTMENT OF PUBLIC WELFARE;
MS. BEEBAR; JONES; MOSES, IN THEIR OFFICIAL
CAPACITY AS SOCIAL WORKERS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-13-cv-01993)
District Judge:  Honorable Thomas N. O'Neill, Jr.
_____

Submitted By the Clerk for Possible Dismissal Due to a
Jurisdictional Defect and Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2015
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Filed: February 25, 2015)
_____

OPINION[*]
_____

PER CURIAM

Rafael Antonio Joseph appeals pro se from the District Court's orders dismissing his claims. We will affirm.

I.

Joseph filed a complaint against the Pennsylvania Department of Public Welfare ("DPW") alleging that, in March of 2013, it denied his application for food-stamp benefits under the Supplemental Nutrition Assistance Program because he did not establish that his previous receipt of such benefits from New Mexico had ceased. Joseph claims that DPW's denial of benefits was in violation of state and federal law because DPW should have taken further steps to verify cessation of New Mexico benefits itself and should have relied on a letter from the Social Security Administration stating that he does not receive <u>federal</u> benefits. Joseph further claims that DPW's denial requires him to eat his meals at homeless shelters and that those meals interfere with his medication.

The District Court dismissed Joseph's complaint on the ground that DPW is immune from federal suit under the Eleventh Amendment, and Joseph filed an amended complaint containing essentially the same allegations and naming as additional defendants three DPW social workers involved with his case. He identified these individuals as "Ms. Beebar," "Ms. Jones" and "Ms. Moses," and he named them "in their official capacity as social workers." By order entered May 28, 2013, the District Court dismissed the amended complaint against DPW, again on Eleventh Amendment grounds,

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

and directed the United States Marshal to serve process on the individual defendants. The Marshal ultimately served Jones and Moses but was unable to serve Beebar because DPW employed no one by that name.

Jones and Moses filed a motion to dismiss Joseph's amended complaint on multiple grounds, including that he could not state a due process claim because Pennsylvania provides an adequate remedy for the denial of benefits—i.e., an administrative review process that includes review as of right by the Pennsylvania Commonwealth Court. See 55 Pa. Code §§ 275.1-275.4.[1] After Joseph's deadline to respond to that motion expired, the District Court ordered him to respond and warned him that failure to do so would result in dismissal of the action against Jones and Moses. Joseph failed to respond, and the District Court dismissed his claims against Jones and Moses without prejudice by order entered January 6, 2014.

One month later, the District Court ordered Joseph to show cause why it should not dismiss the action against Beebar, the only remaining defendant, for failure to serve her with process within the time required by Fed. R. Civ. P. 4(m).[2] The District Court

---

constitute binding precedent.

[1] Joseph attached to his initial complaint a form indicating that he instituted this process by submitting a "fair hearing" request to DPW, but he has not alleged the status of that proceeding.

[2] The District Court granted Joseph leave to proceed in forma pauperis, which required officers of the court to serve process, see 28 U.S.C. § 1915(d), but Joseph was required to take "'reasonable steps . . . to identify for the court the defendants named in the

3

once again warned Joseph that his failure to respond would result in dismissal of the action. Joseph once again failed to respond, and the District Court dismissed the action without prejudice as to Beebar as well. Joseph appeals, and we have jurisdiction under 28 U.S.C. § 1291.[3]

II.

Joseph's appeal brings two issues before us. The first is the District Court's dismissal of his claims against DPW on the basis of Eleventh Amendment immunity. We exercise plenary review over that issue. See Betts v. New Castle Youth Dev. Ctr., 621

---

complaint.'" Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009) (quoting Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996)).

[3] Joseph initially did not file a notice of appeal and instead filed a mandamus petition with this Court, which we denied but transferred to the District Court to be treated as a timely motion to extend his time to appeal under Fed. R. App. P. 4(a)(5). See In re Joseph, 574 F. App'x 61, 62-63 (3d Cir. 2014). Joseph later filed a notice of appeal and the District Court granted his Rule 4(a)(5) motion. That ruling rendered Joseph's notice timely, see, e.g., Hinton v. City of Elwood, 997 F.2d 774, 778 (10th Cir. 1993); Consol. Freightways Corp. of Del. v. Larson, 827 F.2d 916, 921 (3d Cir. 1987), and was otherwise jurisdictionally proper, see Fed. R. App. P. 4(a)(5); 28 U.S.C. § 2107(c). We previously questioned whether the District Court's orders of dismissal are final because they dismissed Joseph's claims without prejudice, but we also noted that a dismissal for failure to prosecute and without leave to amend can constitute a final order, see In re Joseph, 574 F. App'x at 62 n.1, and we stated that "the District Court, if it intended to enter anything other than a final order, can provide such clarification as may be appropriate" in considering Joseph's Rule 4(a)(5) motion, id. at 62. The District Court did not specify that it considered its orders non-final and, to the contrary, its grant of Joseph's Rule 4(a)(5) motion suggests that it views the matter as concluded. The District Court also did not grant Joseph leave to further amend and has marked the action "closed." Thus, we are satisfied that the District Court's orders of dismissal are final and that we otherwise have jurisdiction under § 1291.

F.3d 249, 252 (3d Cir. 2010). Having done so, we agree that Joseph's claims against DPW are barred by the Eleventh Amendment for the reasons adequately explained by the District Court. See also id. at 254-55 (holding that "the DPW is entitled to Eleventh Amendment immunity because it is an administrative agency without existence apart from the Commonwealth").

The second issue is the District Court's dismissal of Joseph's claims against the individual defendants. We construe both dismissals as ones under Fed. R. Civ. P. 41(b) for failure to prosecute, and we review them for abuse of discretion. See In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013). We discern none here. Although District Courts generally must consider certain factors before taking the drastic step of dismissing a complaint with prejudice, see id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984)), the District Court in this case dismissed Joseph's claims without prejudice. Its rulings are final for § 1291 purposes as discussed above, but they were not effectively dismissals with prejudice because no conceivably applicable statute of limitations had run when the District Court entered its orders. Thus, the District Court's rulings permitted Joseph to pursue any state-court remedies he may have following the state's administrative review process, which it appears he has invoked.[4]

---

[4] We note that we have liberally and thoroughly reviewed Joseph's complaint and amended complaint and discern no conceivably plausible federal claim, largely for the reasons that Jones and Moses argued in their motion to dismiss.

5

Under the circumstances, we are satisfied that the District Court acted within its discretion in dismissing these claims without prejudice. In each instance, the District Court expressly warned Joseph that it would dismiss his amended complaint as to these defendants if Joseph failed to respond as the District Court directed and, in each instance, Joseph failed to respond. Joseph does not claim on appeal that he did not receive these orders. To the contrary, he argues that the orders were "confusing and baffling" and that he was partially homeless and devoting his available time to litigating other cases. Joseph does not explain how these circumstances prevented him from complying with the District Court's orders, and he did not raise them before the District Court in the first instance. We decline to hold that the District Court abused its discretion on the basis of arguments that Joseph could have presented to it but did not.

III.

For these reasons, we will affirm the District Court's orders entered May 28, 2013, January 6, 2014, and February 26, 2014. Our ruling is without prejudice to Joseph's ability to seek such relief from the denial of benefits as may be available in state court. We express no opinion on the merits of any claim he may have in that regard.