In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-2017

KIRK C. JONES,

*Plaintiff-Appellant,*

*v.*

KEVIN RAMOS, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:19-cv-00166-DRL-MGG — **Damon R. Leichty**, *Judge.*

ARGUED JANUARY 19, 2021 — DECIDED SEPTEMBER 3, 2021

Before ROVNER, HAMILTON, and ST. EVE, *Circuit Judges*.

ROVNER, *Circuit Judge.* The district court dismissed this personal injury case without prejudice for failure to timely serve the summons and complaint on the defendants. Because the plaintiff had filed the suit only two days short of the limitations period, this ruling effectively ended the litigation. We find no abuse of discretion in the district court's decision, and so we affirm.

This diversity suit arose from an automobile accident that occurred on October 28, 2016. The plaintiff, Jones, was a passenger in an Uber car owned by Jerilyn Langwith and driven by Daniel Waterhouse. That car was struck by a second vehicle owned by Mario Ramos and driven by Kevin Ramos. Uber and those four individuals are the defendants. Although the accident occurred in Indiana, the Ramos defendants are citizens of New Jersey. Jones, who was injured in the accident, filed suit in federal court in New Jersey on October 26, 2018, two days before the applicable statute of limitations was due to run. After the plaintiff's attorney failed to effect service of the summons and complaint on any of the defendants within the ninety-day period prescribed by the Federal Rules of Civil Procedure, the New Jersey court issued a Notice of Call for Dismissal Pursuant to Fed.R.Civ.P. 4(m) ("Notice") on February 5, 2019. The Notice warned that the suit would be dismissed on March 5, 2019 unless the plaintiff established that service was effected within the ninety-day period by filing proof of service before the March 5 return date.

On March 5, 2019, instead of providing proof of service or attempting to serve the summons and complaint on the defendants, Jones's counsel filed a motion to change venue to the Northern District of Indiana, asserting that the Uber driver, a citizen of Indiana, was not subject to personal jurisdiction in New Jersey. The New Jersey district court granted that motion, and directed Jones to serve a copy of the venue order on the defendants within five days. The plaintiff's counsel served the venue order on the defendants but still did not serve the summons and complaint. Three months later, on June 10, 2019, Waterhouse moved to dismiss the case on two grounds: first,

under Rule 12(b)(5), for failure to timely serve the summons and complaint as set forth in Rule 4(m); and second, under Rule 12(b)(6), for failing to properly commence the case within the statute of limitations.[1] Nine days later, new counsel for Jones entered an appearance in the Indiana district court, and the next day began the process of serving the summons and complaint on all of the defendants. Ultimately, the summons and complaint was served on all of the defendants between June 21 and June 27, 2019, between 238 to 244 days after the filing of the complaint. Within weeks, Uber and Langwith joined Waterhouse's motion to dismiss, and on August 12, 2019, the Ramos defendants filed their own motion seeking dismissal for the same reasons given by Waterhouse.

Jones asked the court to exercise its discretion to deny the motion to dismiss, noting that all defendants had now been served, and asserting that none of the defendants were prejudiced by the delay. Jones pointed out that the defendants were aware of the litigation within days of the change of venue at the latest, and that some of the delay in serving the summons and complaint was due to efforts to find new counsel in Indiana, who then moved quickly to effect service. Jones

---

[1] Waterhouse's theory for dismissal under Rule 12(b)(6) was that the nearly blank summons that Jones submitted to the New Jersey District Court was insufficient to commence the litigation, and so the suit was time-barred under the statute of limitations. The district court concluded that the summons was sufficient and dismissed on the alternate ground that Jones failed to timely serve the summons and complaint. Because we resolve this appeal on that second issue, we decline to address whether the summons was sufficient to commence the litigation, and we will not address this issue further.

argued that the New Jersey court could have dismissed the case rather than allow the change of venue, but did not do so and asked the Indiana court to honor that decision. Jones explained that even dismissal without prejudice would essentially end the case because the limitations period had passed.

The Indiana district court found that there was no good cause for the delay, and declined to exercise its discretion to grant an extension. The court noted that Jones's New Jersey counsel not only failed to follow Rule 4(m) but also ignored the Notice that the court issued, warning of dismissal by March 5, 2019 if he failed to comply. Moreover, after the change of venue, Jones still did not effect service of process, and instead waited until after one of the defendants moved to dismiss the case before serving the summons and complaint. The court considered the non-exhaustive list of factors that we set forth in *Cardenas v. City of Chicago*, 646 F.3d 1001 (7th Cir. 2011), and concluded that the circumstances in this case did not "invite a permissive extension." Jones had missed three opportunities to serve the defendants over the course of approximately 240 days: first, within the ninety-day period prescribed by Rule 4(m); second, when the New Jersey court issued the Notice warning of imminent dismissal by March 5, 2019; and third, for three months after the change in venue. Aware that dismissal without prejudice would effectively end the suit because of the limitations period, the court nevertheless dismissed.

Jones moved for reconsideration under Rule 60(b), attaching an affidavit from his New Jersey lawyer explaining his efforts at settling the case prior to and after filing the complaint, his difficulties in finding local counsel in Indiana (where

he is not licensed to practice law) after the change in venue, and his personal struggles with the illness and death of a family member during the time that the motion to dismiss was under consideration. The district court denied the motion, finding that Jones did not meet the stringent standards for relief under Rule 60(b), and noting that all of the information provided in the affidavit of his New Jersey lawyer was available prior to the ruling on the motion to dismiss. Finally, the court found that the information provided in the affidavit demonstrated that the prejudice to the defendants occasioned by the delay was greater than had been apparent earlier, and that the case for dismissal under Rule 4(m) was stronger. The court denied the motion. Jones appeals.

We review the court's decision whether to dismiss or extend the period of time for service under Rule 4(m) for abuse of discretion. *Henderson v. United States*, 517 U.S. 654, 662–63 (1994); *Cardenas*, 646 F.3d at 1005; Fed. R. Civ. P. 4(m). We review a court's decision to deny relief under Rule 60(b) for an abuse of discretion only. *Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018). Rule 60(b) provides relief only in extraordinary situations where a judgment is the inadvertent product of special circumstances and not merely an erroneous application of law. *Adams*, 911 F.3d at 403 (citing *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018)). Once a district court has denied relief, "Rule 60(b) proceedings are subject to only limited and deferential appellate review." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

The factors that courts typically consider when deciding whether to grant an extension of time for service of process include but are not limited to: whether the defendant's ability

to defend would be harmed by an extension; whether the defendant received actual notice; whether the statute of limitations would prevent refiling of the action; whether the defendant evaded service; whether the defendant admitted liability; whether dismissal will result in a windfall to a defendant; whether the plaintiff eventually effected service; whether the plaintiff ever requested an extension from the court due to difficulties in perfecting service; and whether the plaintiff diligently pursued service during the allotted period. *Cardenas*, 646 F.3d at 1006–07. "Even if the balance of hardships appears to favor an extension, the district court retain[s] its discretion to hold the Plaintiffs accountable for their actions—or, more accurately, inaction—by dismissing the case." *Cardenas*, 646 F.3d at 1007. *See also Panares v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) (citing the Advisory Committee Note to Rule 4(m) as to what factors a court may want to consider when deciding to exercise its discretion, including whether the applicable statute of limitations would bar the refiled action, or whether the defendant is evading service or conceals a defect in attempted service).

The district court methodically considered these factors in deciding the motions to dismiss, and then reweighed them in light of the additional information provided in the Rule 60(b) motion. In each instance, some factors favored granting an extension and others favored dismissal. In its initial ruling, the court noted that some defendants had actual notice prior to service, that the defendants had not experienced real prejudice, and all were eventually served. On the other side of the equation, none of the defendants had evaded service, and through no fault of their own would now have to defend the

suit long after the statute of limitations had expired and memories had begun to fade. Moreover, Jones never moved to extend the time for service in either New Jersey or Indiana, and Jones's New Jersey lawyer did not diligently pursue service. After the filing of the Rule 60(b) motion, the court learned that although some of the defendants were aware that litigation was imminent because of pre-filing settlement discussions, other defendants did not have actual notice of the suit prior to receiving the venue ruling. And considering the information provided in the affidavit filed with the Rule 60(b) motion, the court found that the prejudice to the defendants was more manifest than the original record revealed. On balance, in both its original ruling and its Rule 60(b) ruling, the court declined to extend the time for service. "If a district court properly sets out the relevant law and makes no factual findings that are clearly erroneous, an abuse of discretion exists only if its decision was arbitrary and unreasonable." *Cardenas*, 646 F.3d at 1007 (internal quotation marks omitted). Here, the court accurately set out the applicable law and made no clearly erroneous factual findings; the decision to deny relief was neither arbitrary nor unreasonable. And Jones does not come close to meeting the standard for overturning the district court's Rule 60(b) ruling. There was no abuse of discretion in either ruling.

Only one matter remains. Jones asks that we adopt a rule that the Fifth Circuit employs when dismissal without prejudice effectively ends the litigation because of the running of the limitations period. In the Fifth Circuit, if the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) is reviewed under the

same heightened standard used to review a dismissal with prejudice. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013). Because dismissal with prejudice is a severe sanction that deprives a litigant of the opportunity to pursue his claim, the Fifth Circuit holds that it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice. The delay must be lengthy and must be characterized by significant periods of total inactivity *Thrasher*, 709 F.3d at 512–13. *See also Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (setting forth grounds for dismissal with prejudice).

In ruling on a motion to dismiss under Rule 4(m), our circuit requires only that the district court consider whether dismissal without prejudice will effectively end the litigation as one factor to be weighed with others. We have required no heightened standard for motions to dismiss under Rule 4(m) in cases that were filed close to the end of the limitations period. In fact, we have warned that an attorney who files suit when the statute of limitations is about to expire must take special care to achieve timely service of process because a slip-up can be fatal. *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996). We see no reason to revisit the existing standards in our circuit. The district court did not abuse its discretion when it reasonably applied prevailing Seventh Circuit law.

AFFIRMED.